IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY LEWIS HARRIS                                                                          PLAINTIFF

V.                                            No.  2:10-CV-02189

CAPTAIN CONGER,
DR. TOM TINSMAN and
NURSE ANGIE NOUROZY                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendants Motion for Summary Judgment (ECF No. 17) filed April 4, 2011.[1]  The Plaintiff did not file a Response but did file a Notice requesting assistance, *See ECF No.* 20 on June 9, 2011. No questionnaires were sent to the Plaintiff to assists him in responding to the Defendants Motion and in light of the Report and Recommendation the court does not believe it is necessary to do so.

I.  Background

The Plaintiff filed his Complaint in the instant lawsuit on December 10, 2010. Plaintiff alleges, under 42 U.S.C. § 1983, that his constitutional rights were violated when the Defendants allegedly failed to provide medical care and treatment for his tooth ache.

Plaintiff was incarcerated in the Sebastian County Detention Center ("SCDC") on October 10, 2010. (Exhibit 1A)  On October 15, 2010 he requested medical attention because "my teeth are hurting real bad".  He asked to have something done because he could not eat or

---

[1] While the Defendants Statement of Facts in support of his Motion did mention certain exhibits no exhibits were attached to the Statement of Facts.  The court subsequently contacted the Defendants and the exhibits were provided on January 13, 2012 by email.

-1-

sleep. (Exhibit 3A).

According to the Affidavit of Nurse Nourozy she saw the Plaintiff on October 16, 2010 and placed him on the list to see the Doctor. (Id.) According to Dr. Tinsman's affidavit he first saw the Plaintiff on October 18, 2010, diagnosed him with dental caries and a low grade infection and prescribed amoxicillin.[2] (Exhibit 2A). In the Plaintiff's complaint he admits that he saw Dr. Tinsman on October 18, 2010 but claims that he did not receive any medication until October 27, 2010. (ECF No. 1, p. 5). The Plaintiff was again seen by Dr. Tinsman on November 4, 2010 and noted that his dental "infection is controlled" and diagnosed his with Type II diabetes and low-grade dental infection and changed his medication to rocephin.[3] (Exhibit 2B). On November 8, 2010 the Plaintiff was again seen by Dr. Tinsman and his exam notes state "dental exam s abscess, still needing urgent dental extraction." His diagnosis was dental caries with "persistent abscess" and his plan was to expedite for extraction. (Exhibit 2C).  Dr. Tinsman's affidavit states that the Plaintiff's dental concerns were alleviated once he went to Dentures Today on December 29, 2010 and that the delay in getting him to a dentist was due to the "problem of finding a dentist".

## II.  Discussion

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  The Eighth Circuit has advised plaintiffs to specifically plead whether government

---

[2]Amoxicillin is a penicillin antibiotic.  See www.drugs.com. Viewed 1/17/2012

[3]Rocephin (ceftriaxone) is used to treat bacterial infections, including severe or life-threatening forms such as meningitis.  See www.drugs.com.  Viewed 1/17/2012.

agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability.  *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  *See also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999)(In actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability).  In the present case the Plaintiff has clearly indicated that he is pursuing his claim against the Defendants in "both official and personal capacity". (ECF No. 1, p. 4).

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (c).  The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992).  The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The court believes that there are material issues of fact that are still in dispute and that the Defendants are not entitled to judgment as a matter of law on the fact as they currently exits.

**A. Control of Infection**

Dr. Tinsman noted on November 4, 2010 that the Plaintiff's infection was "controlled" yet he ordered a change in medication and that it be administered intramuscular (IM). In addition Dr. Tinsman indicated on October 18, 2010 that there were no abscess teeth noted but the Plaintiff did have "severely decayed teeth".  On November 4, 2010 Dr. Tinsman merely stated that the dental infection "is controlled" but by November 8, 2010 Dr. Tinsman noted that abscesses were present and that the Plaintiff was "still needing urgent dental extraction" and the

prescription for Rochphin had been increased to IM x three.

There is no explanation as to how the Plaintiff's condition went from "infection is controlled" to "still needing urgent dental extraction".  The court has not been provided with a medicine dispensation log.  The only thing the court has been provided is a documents which purports to show that the Plaintiff refused medication on November 10, 2010.

The Plaintiff contended in his complaint that even after his first doctor's visit on October 18, 2010 that he never received any medication until October 27, 2010.  Neither Dr. Tinsman's nor Nurse Nourozy's affidavit address this claim.

**B. Timely Extraction**

The delay in providing timely dental care to an inmate can constitute an actionable claim under section 1983.  *See McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir.2002) (holding a plaintiff who claimed five prior delayed tooth extractions with two more extractions necessary and still delayed, and a spreading mouth infection, demonstrated a sufficient allegation of imminent danger of physical injury under 28 U.S.C. § 1915(g)); *Hartsfield*, 371 F.3d at 457 (concluding a plaintiff who had severe pain "from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" had alleged an objectively serious medical need for dental care in an Eighth Amendment § 1983 action); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.1995) (deciding a "three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983").

Both Dr. Tinsman's and Nurse Nourozy's affidavits states that any delay in getting the Plaintiff to a dentist was due to the inability to locate a dentist willing to perform the work.

Neither states who actually had the responsibility to locate a dentist or how the contract arraignment with a local dentist is made. The court has not been provided with any dental wait list nor has the court been informed exactly when a decision was made to contact a dentist on the Plaintiff's behalf or exactly, what contacts were made.

**C. County Policy**

The pertinent portion of the Sebastian County Policy and Procedure Manual relating to dental treatment provides:

> Dental care services will be provided to inmates in need of emergency treatment/services by a licensed dentist contracted to provide the same to inmates housed at the facility. See Policy and Procedure Manual 4.06.1
>
> The staff nurse will be responsible for contacting the dentist and explaining the inmate's symptoms so that a determination can be made as to whether the inmate will need to be transported tot he dental office for treatment/care. See Policy and Procedure Manual 4.06.3B.

There is a factual issue concerning whether a dentist would have a standing contract with the county or whether the dentist would be contracted on an as needed bases and a specific factual issue concerning exactly when a dentist was contacted in this particular case.

There is also an issue as to whether there is a standing dental list for inmates with dental needs.  The Sebastian County Policy appears to require that all "dental complaints or dental referrals will be recorded on a Medical/Dental Treatment Request form by the staff nurse and will be logged in the Medical Log. See Policy and Procedure Manual, 4.06.4B&C.  If such a log exist it has not been provided to the court.

The court believes that there are material facts in issue concerning the control of the Plaintiff's infection, when the determination that extraction of the tooth/teeth was made and exactly what the policy of Sebastian County was concerning providing dental care to the inmates of the Sebastian County Detention Center and that a hearing should be scheduled to allow for the further development of the record in regards to the material facts.

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion for Summary Judgment be **DENIED** and the matter set for any Evidentiary Hearing.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this January 17, 2012

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE